SARAH A. LINES, APPELLANT VS. HENRY D. DARDEN, ET AL.,

APPELLEES.

The Court will act upon a petition for a rehearing, where it was presented in time, although two of the Judges who sat on the hearing of the cause, have since the decree was made, gone out of office.

Motion for a rehearing made in behalf of appellees.— The opinion of the Court states the facts in connection with the filing of the petition.

*W. G. M. Davis,* for the motion.

*J. T. Archer,* contra.

DOUGLAS, J., delivered the opinion of the Court.

This case comes before us upon a petition for a rehearing of a case, decided by this Court at its January term in the year 1853, at Tallahassee. After the decision was made, and before this petition was presented, one of the Judges who sat at the hearing of the cause, had left, and gone to East Florida. The other two Judges disagreed upon the question whether they in the absence of the other Judge could act upon the petition in any way, and the consequence was that the petition lay over without any

formal continuance until the last January term. In the meantime two of the Judges who sat on the hearing of the cause had gone out of office, and there were not Judges in attendance competent to hear it, and it again lay over to the present term, and is now brought before the Court, only one of the Judges of which sat at the hearing of the case. The decree of the Court below was reversed and the bill was ordered to be dismissed, and the appellees seek by the petition to open the case for a rehearing. Under these peculiar circumstances it is objected by the appellant that the Court as now constituted, cannot with propriety hear the petition; that a rehearing can only be granted by the same Judges who pronounced the decree, and there is certainly much force in this objection, yet as the parties, had we declined to entertain the petition, would have been deprived of the benefit of a legal right without any fault on their part, we have deemed it proper to act in this matter, and in order that the Judges who did not hear the argument of the cause in this Court might be able to do so understandingly we have gone beyond the rule which provides, that " the Court will consider the petition (for a rehearing) without argument," and received the printed brief of the solicitor for the petitioners, which, as well as the petition and the decree sought to be opened, have been read with great care and attention, and many of the authorities cited in the brief have been carefully examined, while we have not looked into the brief on the other side, although it is printed in the report of the case, and after the most mature consideration we are constrained to say that the decree appears to us to be correct, and that the prayer of the petition should be denied. But while we feel ourselves compelled to adopt this course, we may be

permitted to indulge the hope, that the appellant will not withhold from the appellees the loan of the property which she offered to make them before the institution of this suit, and which they then, we think, mistakingly refused to receive, and indeed, that she will extend them further aid, if their circumstances may require it.   Her duty as a *mother* we have no hesitation in saying, does, under the peculiar state of the matter require this at her hands.

Let the petition be dismissed.